UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARM BUREAU GENERAL
INSURANCE COMPANY
OF MICHIGAN,                                Case No. 2:16-14286
                                            District Judge Paul Borman
          Plaintiff                         Magistrate Judge Anthony P. Patti

v.

SMART BALANCE
WHEEL, et al.,

          Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO CONDUCT EXPEDITED DISCOVERY (DE 7)

This matter is before the Court for consideration of Plaintiff's motion to open discovery (i.e., conduct expedited discovery). (DE 7.) The gist of the Complaint is that a hoverboard Plaintiff's insured bought on Ebay ignited and caused a house fire. Counsel has unsuccessfully tried to find the corporate information for Smart Balance Wheel, the ostensible manufacturer of the allegedly defective hoverboard. Subpoenas for Smart Balance Wheel and its Board, as well as the other Defendants, were issued on December 15, 2016, but there is no indication service of process has actually been executed on any Defendant. (DE 3-

1

6.) Therefore, because no other party has entered an appearance in the case, Plaintiff's motion is *de facto ex parte* in nature.

Rule 26(d)(1) generally provides that, absent a court order, parties may not conduct discovery prior to conducting a Rule 26(f) conference. However, Plaintiff states that expedited discovery is necessary to locate the correct corporate name and information necessary for service of process upon Smart Balance Wheel. If granted leave to conduct expedited discovery, Plaintiff's counsel intends to subpoena Ebay to ascertain the identity of the person/entity that sold the hoverboard to Plaintiff's insured; counsel will then engage in a series of subpoenas, as necessary, until the manufacturer of the hoverboard can be identified with precision.

"Expedited discovery may be granted upon a showing of good cause. Plaintiff, as the party seeking expedited discovery, bears the burden of demonstrating good cause." *Best v. Mobile Streams, Inc.*, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012). "Good cause for expedited discovery exists when the need for the expedited discovery outweighs the prejudice to the responding party, based on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances." 6-26 Moore's Federal Practice - Civil § 26.121 (2016).

Because counsel needs the proper name and contact information for the hoverboard manufacturer to proceed further in this case, and because counsel has engaged in reasonable prelitigation efforts to locate that information without success, the Court concludes that Plaintiff has shown good cause to be granted leave to conduct expedited discovery. The motion to open discovery (DE 7) thus is **GRANTED**. However, the expedited discovery authorized herein shall be limited ONLY to ascertaining the identity and contact information of the manufacturer of the hoverboard at issue and shall conclude no later than May 18, 2017.

    **IT IS SO ORDERED.**

Dated: January 18, 2017         s/Anthony P. Patti
                                              Anthony P. Patti
                                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 18, 2017, electronically and/or by U.S. Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti