UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARM BUREAU GENERAL
INSURANCE COMPANY OF
MICHIGAN as subrogee of
Mohanad Isso,

Case No. 2:16-CV-14286
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

      Plaintiff,

v.

SMART BALANCE WHEELS, *et al.*,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE ON JOHN DOE DEFENDANTS 1-5 IN PLAINTIFF'S FIRST AMENDED COMPLAINT (DE 10)

**I.   Background**

**A. Factual Background**

The instant lawsuit arises out of a September 24, 2016 house fire that started in the basement of Mohanad Isso's house. Plaintiff Farm Bureau General Insurance Company of Michigan ("Farm Bureau") insured Mr. Isso's house and paid his insurance claim, thereby becoming subrogated to his rights. According to the complaint, an investigation revealed that the fire was caused by a toy known as a hoverboard, which was located in Mr. Isso's basement. (DE 1.) Mr. Isso reported to Farm Bureau that he purchased the "Smart Balance Wheel" brand

hoverboard off of eBay approximately one or two years prior to the fire, and that while he does not have records of the transaction, he did locate the user manual for the hoverboard. However, the user manual did not provide a manufacturer's name or address. (DE 10 at 11.) Farm Bureau seeks to bring this lawsuit against those Defendants who designed, manufactured and sold the "Smart Balance Wheel" brand hoverboard and its battery.

### B. Procedural History

Farm Bureau searched the Internet to find the names or corporate headquarters for the companies that manufacture, distribute or sell the "Smart Balance Wheel" brand hoverboard, and located several websites and Facebook pages listing email addresses. However, Farm Bureau has had difficulty locating the corporate name(s) or physical contact information of the manufacturer(s). On July 21, 2017, Farm Bureau filed a motion to amend its complaint and for alternate service to name the defendants that appear to be affiliated with the Smart Balance Wheel brand hoverboard, and for an order allowing Farm Bureau to serve process by alternate means: by email to the email addresses listed on the company websites and by first-class mail to the "billing address" identified on one of the websites. (DE 10.) This motion was referred to me on August 1, 2017. (DE 11.)

On October 2, 2017, the Court entered an Order granting Farm Bureau's motion to amend the complaint and granting in part and denying in part the motion

for alternate service. (DE 13.) The Court found that Farm Bureau established that Defendants conduct business on the internet and via email, and that service by email would not violate any international agreement. However, the Court found that Farm Bureau had not met its burden so show that the email addresses at issue have been "sufficiently tested" to confirm they are valid and thus "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Id.* at 7-11 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).) Accordingly, the Court ordered Farm Bureau to appear for an evidentiary hearing to present evidence demonstrating that each of the email addresses it requests to serve have been "sufficiently tested" and therefore are valid, and that service will comport with constitutional notions of due process. (*Id.* at 11-12.)

**C. The October 25, 2017 Evidentiary Hearing**

On October 25, 2017, Farm Bureau's counsel appeared for the evidentiary hearing. He was placed under oath and presented testimony and evidence identifying the proposed Defendants and the proposed contact information for each Defendant, and regarding his efforts to demonstrate that the proposed email addresses have been "sufficiently tested" and are valid. He established that each of the proposed Defendants Farm Bureau seeks to serve via email do business on the internet and through email, including making their products available for purchase

online, and testified that the websites found do not provide the formal name of the manufacturer(s) or provide the physical contact information for the manufacturer(s).  Farm Bureau's counsel identified the specific email address(es) associated with each proposed Defendant and further detailed his efforts to verify that each of the email addresses at which he seeks to serve those Defendants is valid, including dates emails were sent to each email address, and that emails mailed to each of the email addresses in question were not returned as undeliverable or did not "bounce back."  At the close of the hearing, Farm Bureau was directed to: (1) file its Amended Complaint identifying all proposed Defendants; (2) attempt to send emails to each of the email addresses at issue again, but requesting a "delivery receipt" and "read receipt" for each; and (3) conduct a "reverse lookup" for the telephone number identified on the [www.smartselfbalanceweheel.com/](www.smartselfbalanceweheel.com/) website to attempt to obtain a physical address for that Defendant.

### D. Farm Bureau's First Amended Complaint and Supplemental Brief on its Request for Alternate Service

On November 2, 2017, Farm Bureau filed its First Amended Complaint identifying the five Defendants it seeks leave to serve via alternate service, including providing the domain name and associated email address for each John

Doe Defendant. (DE 15.)[1] Farm Bureau also filed a supplemental brief in support of its motion for alternate service. (DE 17.) In that supplemental brief, Farm Bureau identified the five Defendants in its First Amended Complaint that it requests to serve via alternate service, and detailed the requested alternate means of service for each Defendant. (*Id.* at 1-2.) Farm Bureau also attached counsel's second supplemental affidavit to its supplemental brief. (DE 17-1.) In that affidavit, Farm Bureau's counsel listed the specific email addresses contacted for each Defendant, and explained that, in compliance with the direction of the Court, he "turned on the 'delivery receipt' and 'read receipt' functions and sent emails to" each of the four listed email addresses. (*Id.* ¶ 2.) For each of those test emails sent, Farm Bureau's counsel "received messages stating that the emails had been delivered to those email addresses[,]" but "did not receive any 'read' receipts." (*Id.*)[2] Counsel further "test[ed]" whether the "delivery receipt" function worked properly by sending a test email to a similar, but not identical, email address. (*Id.*) In response to that test email, counsel "received a message stating that it was NOT delivered[,]" "indicat[ing] that the email addresses to which Farm Bureau asks to serve process by email are currently receiving emails." (*Id.*)

---

[1] Farm Bureau also lists four additional named Defendants. However, it provides physical addresses for those Defendants and will presumably serve those Defendants via traditional means. (DE 15 at 4.)

[2] The Court takes judicial notice of the fact that "read" receipts require action by the recipient, *i.e.,* that the recipient must agree to verify receipt.

## II. Motion for Alternate Service[3]

Farm Bureau requests permission to serve the five "John Doe" Defendants in its First Amended Complaint as follows:

(1) John Doe 1, d/b/a Smart Balance Wheel, www.smart-balancewheel.com: service by email to hello@smart-balancewheel.com.

(2) John Doe 2, d/b/a Miberi Tech, www.miberi.com: service by email to info@miberi.com.

(3) John Doe 3, d/b/a Smart Balance Board, www.smartselfbalancewheel.com: service by email to contact@smartselfbalancewheel.com.

(4) John Doe 4, d/b/a Smart Balance Wheel, www.smartwheelbalanceboard.com: service by email to servicehomlee@gmail.com and by registered mail or some other method by which some delivery confirmation signed by the addresses would be produced to Sunlight(UK) Trading Limited, 32 BRIGHTON ROAD INVCC CENTRE REDHILL SURREY RH1 5BX;[4] and

(5) John Doe 5, d/b/a Storeshow: service by email to b2cstylee@hotmail.com.

As this Court recognized in its prior Order, federal courts, including the Eastern District of Michigan, have allowed service by email, particularly where the party to be served conducts its business on the internet and through email, and

---

[3] The Court refers to its October 12, 2017 Order granting in part and denying in part Farm Bureau's motion to amend complaint and for alternate service for a discussion of the law governing motions for alternate service. (DE 13 at 4-7.)

[4] The Court provided in its prior Order that Farm Bureau may also attempt service of process on this Defendant at the United Kingdom billing address by registered mail or by some other method by which some delivery confirmation signed by the addressee would be produced. (DE 13 at 13.)

"when the movant demonstrates that the email address in question is valid." (DE 13 at 7.) The Court further found that service by email would not violate any international agreement. (*Id.* at 8-9.)

Here, Farm Bureau has established that the proposed John Doe Defendants do business on the internet and through email, including making their products available for purchase online, and that they do not identify the names or addresses of their corporate headquarters or their resident agents on their websites. Farm Bureau identified each John Doe Defendant in the First Amended Complaint, and provided each Defendant's website and email contact information. In *Bose Corporation v. Chen Qiang a/k/a Qi Qingjun d/b/a beatsstore.inc d/b/a boseheadphones.biz*, No. 13-11866 (WGY), 2013 WL 12137836 (D. Mass. Aug. 19, 2013), the Court similarly noted that:

> It appears that Defendants have gone to great lengths to conceal themselves from detection by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information.

*Id.* at *2; *see also Warner Bros. Entm't Inc. v. John Doe 1 a/k/a Wang Wei d/b/a Dvdsea.com*, No. 14-CV-3492 (KPF), 2014 WL 12543818, at *2 (S.D.N.Y. May 29, 2014) (same). Both the *Bose* and *Warner Bros.* courts permitted the plaintiffs in those cases to serve process on the John Doe defendants associated with the domain names "by electronic mail at the unique email addresses used by the [John Doe defendants] in conjunction with their [websites] and listed in the Order, which

Plaintiffs have demonstrated will provide adequate notice to [John Doe defendants] pursuant to Fed. R. Civ. P. 4." *See Warner Bros.*, 2014 WL 12543818, at *4; *Bose*, 2013 WL 12137836, at *4-5.

The Court now finds, following the October 25, 2017 evidentiary hearing and second supplemental affidavit provided by Farm Bureau's counsel, that service by email on the five John Doe Defendants at the listed email addresses is reasonably calculated to give those Defendants actual notice of the proceedings and an opportunity to be heard, and thus comports with due process. *See FKA Distrib. Co. v. YISI Tech. Co.*, No. 17-cv-10226, 2017 WL 4129538, at *1 (E.D. Mich. Sept. 19, 2017). Farm Bureau's counsel has demonstrated that the email addresses are "valid"—that each address has been "sufficiently tested"—in order to comply with due process. *See Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies*, 295 F.R.D. 259, 262 (S.D. Ohio 2013) (plaintiff "demonstrated that it has verified that each of the email addresses at which it seeks to serve those Defendants is valid, and that communication has occurred with a representative of the respective Defendants at those email addresses).

Accordingly, the Court finds that Farm Bureau has met its burden to show that the email addresses at issue for each John Doe Defendant in the First Amended Complaint have been "sufficiently tested" to confirm they are valid and thus "reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objections," *see Mullane*, 339 U.S. at 314, and Farm Bureau's motion for alternate service is **GRANTED**. Farm Bureau may serve the respective Summonses and its First Amended Complaint as follows:

(1) On John Doe 1, d/b/a Smart Balance Wheel, www.smart-balancewheel.com, by email to hello@smart-balancewheel.com (see Pg ID # 85);

(2) On John Doe 2, d/b/a Miberi Tech, www.miberi.com, by email to info@miberi.com (see Pg ID # 49);

(3) On John Doe 3, d/b/a Smart Balance Board, www.smartselfbalancewheel.com, by email to contact@smartselfbalancewheel.com (see Pg ID # 96);

(4) On John Doe 4, d/b/a Smart Balance Wheel, www.smartwheelbalanceboard.com, by email to servicehomlee@gmail.com and by registered mail or some other method by which some delivery confirmation signed by the addresses would be produce to Sunlight(UK) Trading Limited, 32 BRIGHTON ROAD INVCC CENTRE REDHILL SURREY RH1 5BX (see Pg ID ## 133-34); and

(5) On John Doe 5, d/b/a Storeshow, by email to b2cstylee@hotmail.com (see Pg ID ## 44-45).

A copy of this Order must be included with the other documents being served, and the proofs of such service must so reflect.

    **IT IS SO ORDERED.**

Dated: November 17, 2017         s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 17, 2017, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti